UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of ILLINOIS
EASTERN DIVISION

Robert Barnes
Plaintiff

Case No: 15 C 8458

v.

Judge Edmond Chang

City of Chicago, ET AL.,
Defendants

FILED
JAN 11 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Motion for a Civil Trial

Now Come the Plaintiff Robert Barnes, by his Attorney Brett R. Geiger, ask the Court to grant the Plaintiff a civil trial in support thereof Plaintiff states as follow:

1. The plaintiff Robert Barnes do not agree with the stipulation of the Release and Settlement Agreement.

2. The plaintiff believe he is being threaten intimidated, bully and bamboozle by the defendants. The plaintiff have a letter from the defendants which show a threaten remarks. Exhibit A is being sent to the court.

3. The plaintiff United States Constitution the Fourth Amendment and his Illinois constitution Article 1, Bill of Right under Section 2, Section 6 was violated by Chicago police and state officials. The Chicago police did not have a warrant to enter the plainff home

Subscribed and sworn to before me this ___ day of ___ 20 ___
Notary

Continue:

3. and the Chicago police did not have consent to come inside the plaintiff home.

4. The Plaintiff will decline the Defendants offer at this time. The offer of two thousand dollars ($2000.00) it is not worth the stipulation of they Release and Settlement Agreement.

5. The Plaintiff have Right-Constitutional rights. The Defendants "broke the law" of the Land and it is they job to uphold the Constitution and it is our job, as citizen to make sure that they do.

6. People v. Horton-Mcgee, 2011 Ill. App. Unpub. LEXIS 1591 (2nd Dist 2011) exigent circumstances did not exist and warrantless entry was not proper when the police received incriminating information about a suspect, but did not enter his residents until nine hour later; in this case the court held that "nine hours was ample time to obtain a warrant". The Chicago Police knew who the plaintiff was from February 26, 2015 to March 2, 2015. The plaintiff was not committing any criminal offense or committed no crimes in the presence of the arresting police officers.

Wherefore the Plaintiff request this Honorable Court to grant a civil trial on those issues.

Respectfully Submitted,
Robert Barnes

Subscribed and sworn to be me this day of 28th November 2017

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires 4/30/2019

Exhibit A

sharply rise, and, at the end of trial, once the Defendants are successful, they will seek repayment of these costs from Plaintiff.

Thus, in an effort to avoid costs, fee accrual, and the inherent uncertainties of litigation, Defendants offer this one-time nuisance amount of $2,000 to settle this case. This amount is inclusive of all fees and costs.

Please respond by Monday September 25, 2017, or this one-time offer to settle this case will be withdrawn.

Sincerely,

Anna D. Walker
Assistant Corporation Counsel
(312) 742-7030

**CC Mary McDonald, Dana O'Malley, and Jessica Ziswa**



Exhibit-A



DEPARTMENT OF LAW

CITY OF CHICAGO

Via E-mail and U.S. Mail Post Prepaid

September 15, 2017

Brett R. Geiger
Malmquist, Geiger & Durkee LLC
415 Liberty Street
Morris, Illinois 60450

Re: *Barnes v. City of Chicago et al.*, 15 CV 8458.

Dear Mr. Geiger,

The City of Chicago and the Defendant Officers (collectively, "Defendants") are in receipt of Plaintiff's settlement demand of $10,000, which, given the circumstances of Plaintiff's arrest and conviction is entirely too high. Defendants offer a one-time amount of $2,000 in nuisance value to settle this case. This amount is available until Monday, September 25, 2017 before it is taken off the table. After that, Defendants will proceed to litigate this case to trial, where they are certain to prevail.

At trial, Defendant Officers will tell the jury the exact circumstances for Plaintiff's arrest. They will explain that Plaintiff sexually assaulted and raped not one, but two women. That his DNA was found on these women, and that the women identified Plaintiff as the man who assaulted and raped them. The jury will to learn that Plaintiff was convicted of rape and sexual assault and is currently serving over 80 years for these crimes. After hearing this, Defendant Officers will also testify that on the day of Plaintiff's arrest, he and his company allowed the Defendant Officers into the apartment without protest. There, Plaintiff was calmly placed under arrest. At the end of the trial, all evidence will show that officers behaved in the upmost professional manner consistent with the law and their duty to serve.

Given these facts, Defendants strongly believe that Plaintiff cannot prevail on his claims. And, even if, hypothetically, Plaintiff could win his claims in this case (which he cannot), no liability finding in his favor will have any effect on his time remaining in jail. Plaintiff's civil lawsuit is not a do-over of his criminal trial. Instead, the costs to litigate Plaintiff's civil lawsuit will

Mr. ROBERT BARNES
ID# B-31414
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434



IL 604
08 JAN '18
PM 4 L

IDOC INMATE
LEGAL MAIL

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 60403 $ 000.88⁰
02 1W
0001394077 JAN 08 2018

01/11/2018-11

OFFICE OF
Clerk of the U.S. District Court
United States Court House
219 South Dearborn Street
Chicago, IL 60604

60604-180099

Legal Mail



RECEIVED
2018 JAN 11 AM 8:32