UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 08458 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The defense motion [81] to enforce the settlement agreement is granted, and the corresponding Plaintiff's motions to reopen the case [79] and to hold trial [83] are denied. Although this was a federal civil-rights action, 42 U.S.C. § 1983, Illinois contract law governs the enforcement of settlement agreements in this District. *Beverly v. Abbott Laboratories*, 817 F.3d 328, 333 (7th Cir. 2016) (citing *Sims–Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir.2004)). Like any other contract, a "settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Beverly*, 817 F.3d at 333. But when the agreement is reduced to writing, "Illinois follows the *objective* theory of intent whereby the written records of the parties' actions—rather than their subjective mental processes—drive the inquiry." *Id.* (citing *Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.*, 522 N.E.2d 758, 764 (1988) ("The paramount objective is to give effect to the intent of the parties as expressed by the terms of the agreement.")).

Here, when the parties agreed on the monetary amount of the settlement ($2,000), Plaintiff's recruited counsel naturally asked defense counsel to "draft the necessary release documents." R. 86 at 1 ¶ 4. After some back and forth to ensure that the settlement would not impact Plaintiff's defense against the criminal prosecution, Plaintiff signed and returned the revised settlement agreement that the defense offered after the back and forth. R. 81, Exh. D. That execution is the objective expression of Plaintiff's agreement to be bound by the written agreement.

It is true that Plaintiff hand wrote, near his signature, "I sign UDR and I will accept this feeble offer of $2,000." *Id.* at 6 (the page number refers to the .pdf pagination). But in responding to the motion to enforce the agreement, Plaintiff does not explain what "UDR" means nor make any other argument as to why his execution of the agreement does not satisfy the objective expression of assent. Instead, Plaintiff argues that the sole agreement was achieved through the emails, resulting in the $2,000 payment for a dismissal with prejudice. R. 86 at 1-2. But that is not what the emails say; Plaintiff's counsel—quite appropriately—asked the defense to "draft the necessary release documents." *Id.* at 1 ¶ 4. Indeed, the parties went back and forth on the release language, and Plaintiff even secured a revision to the City's standard agreement, ensuring that the settlement would not impact his defense against the prosecution. The written settlement agreement must be enforced.

With that decision in place, the deadline to reinstate the case is extended to May 14, 2018 to permit for payment, although the City should be provide the consideration well in advance of that deadline. The Court again thanks recruited counsel for his *pro bono* representation, and for achieving a solid result in a case where (based on the alleged Fourth Amendment violation) the damages would likely very low, if liability were even to be established. The status hearing of March 19, 2018 is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 16, 2018